FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2013 JAN 18 A 9:46

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| WILLIAM EDDIE PARKER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>COMMISSIONER OF )<br>SOCIAL SECURITY, )<br>)<br>Defendant. ) | CIVIL ACTION NO.: CV512-037 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge John H. Maclean ("the ALJ") denying his claim for period of disability and disability insurance benefits. Plaintiff urges the Court to reverse and remand the ALJ's decision for a proper determination of the evidence. Defendant asserts the Commissioner's decision should be affirmed.

Plaintiff filed an application for period of disability and disability insurance benefits on December 17, 2009, alleging that he became disabled on December 31, 2007. (Tr. at 110). Plaintiff alleged he became disabled due to back problems, knee pain, a broken back, hip, muscle loss in right leg, tripping and falling, drop right leg, loss of balance when walking, and muscle spasms in legs. (Tr. at 144). After his claim was denied initially and upon reconsideration, Plaintiff filed a request for a hearing. (Tr. at 17). On May 25, 2011, the ALJ conducted a video hearing at which Plaintiff, who was

represented by counsel, appeared and testified. (Tr. at 28–29). Mr. Wineman, an independent vocational expert, was also at the hearing. (Id.). The ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act. (Tr. at 24). The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and the decision of the ALJ became the final decision of the Commissioner for judicial review. (Tr. at 5–10).

Plaintiff, born on October 7, 1966, was forty-four (44) years old when the ALJ issued his final decision. He has a GED. (Tr. at 145). Plaintiff has past relevant work experience as a cashier and line cook. (Tr. at 23).

## ALJ'S FINDINGS

Pursuant to the Social Security Act, the Commissioner has established a five-step process to determine whether a person is disabled. 20 C.F.R. §§ 404.1520 and 416.920; Bowen v. Yuckert, 482 U.S. 137, 140 (1987). The first step determines if the claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied. Id. If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments. Yuckert, 482 U.S. at 140–41. If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d) and 416.920(d); 20 C.F.R. Pt. 404, Subpt. P. App. 1; Phillips v.

Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). If the impairment meets or equals one of the listed impairments, the plaintiff is presumed disabled. Yuckert, 482 U.S. at 141. If the impairment does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing past relevant work. Id. If the claimant is unable to perform his past relevant work, the final step of the evaluation process determines whether he is able to make adjustments to other work in the national economy, considering his age, education, and work experience. Phillips, 357 F.3d at 1239. Disability benefits will be awarded only if the claimant is unable to perform other work. Yuckert, 482 U.S. at 142.

In the instant case, the ALJ followed this sequential process to determine that Plaintiff had not engaged in substantial gainful activity during the period from his alleged onset of disability, December 31, 2007, through his date last insured, December 31, 2009. (Tr. at 19). At step two, the ALJ determined that Plaintiff had the following conditions considered "severe" under the Regulations: low back pain with radiculopathy and right foot drop. (Id.). However, at step three, the ALJ determined that Plaintiff's impairments did not meet or medically equal a listed impairment. (Id.). The ALJ found that Plaintiff had the residual functional capacity to perform work at the sedentary exertional level, with the limitation of standing and walking for no more than two hours out of an eight-hour work day. (Tr. at 20). At the fourth step, the ALJ determined that Plaintiff's impairments precluded him from performing his past relevant work as a cashier and line cook. (Tr. at 23). However, at the fifth and final step, the ALJ determined that, considering Plaintiff's age, education, work experience, and

residual functional capacity, there are jobs that exist in significant numbers in the national economy that he could have performed as of his date last insured. (Id.).

## ISSUE PRESENTED

Plaintiff asserts that the ALJ made the following errors: (1) the ALJ erred by failing to give appropriate weight to Plaintiff's subjective pain testimony and (2) the ALJ erred by determining that Plaintiff had a residual functional capacity that is not supported by substantial evidence.

## STANDARD OF REVIEW

It is well-established that judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence," and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Walden v. Schweiker, 672 F.2d 835, 838–39 (11th Cir. 1982). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F.3d at 1210. In its review, the court must also determine

4

whether the ALJ or Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146.

## DISCUSSION AND CITATION TO AUTHORITY

### I. Plaintiff's assertion that the ALJ erred by failing to give appropriate weight to Plaintiff's subjective pain testimony

Plaintiff avers that the ALJ failed to give appropriate weight to his subjective pain testimony. An ALJ "must clearly articulate explicit and adequate reasons for discrediting the claimant's allegations of completely disabling symptoms."[1] Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (internal punctuation and citation omitted). However, the ALJ "does not need to cite particular phrases or formulations." Id. (internal punctuation and citation omitted).

The ALJ noted that Plaintiff testified that his pain causes "constant dull aching in the low back area that radiates to both legs." (Tr. at 20). The ALJ also chronicled the following of Plaintiff's complaints: poor balance, weak knees and legs, right foot drop, and memory problems. (Id.). The ALJ determined that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with" the residual functional capacity assessment he announced. (Tr. at 21) (emphasis omitted).

---

[1] This requirement is not as stringent as it seems. The Court of Appeals for the Eleventh Circuit has upheld an administrative law judge's credibility finding regarding a claimant's testimony as to her limitations as sufficient, even when that finding is only implied, when "it is clear" and the administrative law judge "considered [the claimant's] subjective complaints in light of the record as a whole and adequately explained his decision not to fully credit [the claimant's] alleged limitations on her ability to work." Brown v. Comm'r of Soc. Sec., 442 F. App'x 507, 514 (11th Cir. 2011).

5

In support of his decision to find Plaintiff's testimony incredible, the ALJ relied on the opinion of Dr. Rhonda Williams, a consultative internist; a lack of objective medical records supporting Plaintiff's alleged physical problems; and Plaintiff's statements regarding his daily activities. (Tr. at 21–22). For example, the ALJ cited Dr. Williams's June 2011 exam[2] which stated that Plaintiff was pleasant and cooperative and determined that Plaintiff could walk unassisted despite having problems with prolonged standing or walking. (Tr. at 21–22). The ALJ also cited the March 2009–March 2010 records of Dr. William H. Nelson, Plaintiff's treating physician, that did not document any functional limitations, (Tr. at 21), and noted that "the record does not contain opinions from treating or examining physicians indicating that [Plaintiff] is disabled or even has limitations greater than those determined" by him, (Tr. at 22). Finally, the ALJ discussed Plaintiff's daily activities stating that Plaintiff "described daily activities that are not limited to the extent one would expect, given the complaints of disabling symptoms" noting that Plaintiff "is able to prepare simple meals, do light household chores, and drive." (Tr. at 22). The ALJ provided "explicit and adequate reasons for discrediting" Plaintiff's pain testimony. Dyer, 395 F.3d 1210.

## II. Plaintiff's assertion that the ALJ erred by determining that Plaintiff had a residual functional capacity that is not supported by substantial evidence

Plaintiff avers that the ALJ erred by finding that Plaintiff has the residual functional capacity to perform sedentary work with some specific limitations. Plaintiff argues that the residual functional capacity determined by the ALJ is not supported by any evidence of record and is contrary to Dr. Williams's report. Specifically, Plaintiff

---

[2] The ALJ noted that, even though Dr. Williams's exam was performed after Plaintiff's date last insured, he chose to afford Plaintiff "every reasonable benefit of the doubt" and find that Plaintiff has the severe impairments documented by Dr. Williams. (Tr. at 22).

AO 72A
(Rev. 8/82)

notes that Dr. Williams estimated that Plaintiff could not sit for more than three to four hours in an eight-hour workday. The ALJ did not include that limitation in his residual functional capacity determination. (Tr. at 20).

An administrative law judge is not required to adopt every medical opinion in the record. Instead, an administrative law judge is charged with the responsibility of deciding what weight to give any medical opinion. See 20 C.F.R. § 404.1527(c). An administrative law judge will give more weight to a medical opinion that is supported by relevant evidence and is consistent with the record as a whole. Id. Importantly, a claimant's residual functional capacity is an issue the final determination of which is reserved to the Commissioner and an administrative law judge. See 20 C.F.R. §§ 404.1527(d) and 404.1546(c). The ALJ was not required to find all of Dr. Williams's opinions credible, and his decision to exclude the sitting limitation announced by Dr. Williams was not error.

Furthermore, the ALJ's residual functional capacity determination is supported by substantial evidence. "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a). Dr. Williams assessed that Plaintiff can lift up to 10 pounds frequently and carry up to 10 pounds occasionally. (Tr. at 234). Dr. Williams also opined that Plaintiff can stand and walk for up to 30 minutes at a time without interruption. (Tr. at 235). Because Dr. Williams's report indicates that Plaintiff is able

7

to perform the requirements of sedentary work, as defined in 20 C.F.R. § 404.1567(a), the ALJ's determination of Plaintiff's residual functional capacity is supported by substantial evidence.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the decision of the Commissioner be **AFFIRMED**.

**SO REPORTED** and **RECOMMENDED**, this 18th day of January, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A (Rev. 8/82)